UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Lucio Eduardo Fernandez

    v.                                            Civil No. 06-cv-281-SM

Bruce W. Cattell, Warden,
New Hampshire State Prison

**O R D E R**

Lucio Eduardo Fernandez, through counsel, has filed a petition for a writ of habeas corpus (document no. 1) pursuant to 28 U.S.C. § 2254.  The matter is before me for preliminary review.  See Rule 4 of the Rules Governing § 2254 proceedings (requiring initial review to determine whether the petition is facially valid).  As discussed herein, I find that the petition is not facially valid as it does not demonstrate exhaustion of all of the federal claims raised in his petition.

Background

Fernandez was convicted of one count of second degree murder on November 4, 2003 in the New Hampshire Superior Court at Rockingham County.  On January 30, 2004, he was sentenced to the New Hampshire State Prison for a term of forty years to life.  He appealed his conviction to the New Hampshire Supreme Court raising seven grounds for relief.  On May 23, 2005, the New

Hampshire Supreme Court affirmed Fernandez's conviction. See State v. Fernandez, 152 N.H. 233 (2005). Fernandez now presents the following six claims:

1. The conviction was obtained in violation of Fernandez's right to due process and a fair trial when the trial court denied Fernandez's request for jury instructions regarding racial and geographic bias;

2. The conviction was obtained in violation of Fernandez's right to due process and a fair trial when the trial court refused to conduct voir dire of the only juror of color, before designating her as an alternate, when she was alleged to have been sleeping during closing arguments;

3. The conviction was obtained in violation of Fernandez's right to due process and a fair trial when the trial court allowed the prosecutor to refer to the petitioner's actions as "murder" during the trial and to elicit the term "murder" from testifying witnesses to describe the defendant's actions;

4. The conviction was obtained in violation of Fernandez's right to due process and a fair trial when the trial court allowed evidence to be introduced at trial that Fernandez, after leaving the jurisdiction where the crime was committed, appeared on a national television show about people wanted by the police;

5. The conviction was obtained in violation of Fernandez's right to due process and a fair trial when the trial court allowed a duffel bag and its contents, which were guns allegedly owned by the petitioner, to be introduced as evidence at trial;

6. The conviction was obtained in violation of Fernandez's right to due process and a fair trial when the trial court allowed the medical examiner to testify that in his expert opinion various knife wounds on the deceased

were evidence of "torture" or "taunting" injuries.

<u>Discussion</u>

Under 28 U.S.C. § 2254, the federal courts are authorized to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." To be eligible for habeas relief, Fernandez must show that he is both in custody and has exhausted all state court remedies or that he is excused from exhausting those remedies because of an absence of available or effective state corrective process. <u>See</u> 28 U.S.C. § 2254(a) & (b); <u>see</u> <u>also</u> <u>Braden v. 30th Jud. Cir. Ct. of Ky.</u>, 410 U.S. 484, 489-92 (1973); <u>Benson v. Super. Ct. Dep't of Trial Ct. of Mass.</u>, 663 F.2d 355, 358-59 (1st Cir. 1981). Fernandez satisfies the first eligibility requirement as he is currently serving his sentence and is thus in custody. However, at this time, the petition neither demonstrates that Fernandez has fully exhausted his state remedies, nor that effective state remedies are unavailable to him.

A petitioner's remedies in New Hampshire are exhausted when

3

the State's highest court has had an opportunity to rule on the petitioner's federal constitutional claims. See Lanigan v. Maloney, 853 F.2d 40, 42 (1st Cir. 1988), cert. denied, Maloney v. Lanigan, 488 U.S. 1007 (1989) ("habeas corpus petitioner must have presented the substance of his federal constitutional claim to the state appellate courts so that the state had the first chance to correct the claimed constitutional error"); see also Picard v. Connor, 404 U.S. 270, 275 (1971) (requiring petitioner to have fairly presented the federal nature of his claims to the state courts to give them the first opportunity to remedy the claimed constitutional error).  "[T]he exhaustion principle holds, in general, that a federal court will not entertain an application for habeas relief unless the petitioner first has fully exhausted his state remedies in respect to each and every claim contained within the application." Adelson v. DiPaola, 131 F.3d 259, 261 (1st Cir. 1997) (emphasis added).  Because Fernandez's petition contains claims for which exhaustion of the federal claim has not been demonstrated, as discussed herein, were Fernandez to press his petition without first exhausting all of the claims contained therein, I would have to recommend dismissal of the entire petition.  See Novaczyk v. Warden, N.H.

State Prison, 299 F.3d 69, 75 (1st Cir. 2002) (citing Rose v. Lundy, 455 U.S. 509, 513-21 (1982)).

Fernandez has neither asserted in his petition that he has exhausted the federal constitutional claims that he has raised nor attached to his petition any notice of appeal, brief, or other pleading to demonstrate that exhaustion has occurred.  The only clue to the status of exhaustion presented by Fernandez in his petition is reference to the decision in his direct appeal.  A review of that decision demonstrates that as to his first claim before this Court, that he was denied jury voir dire on issues connected to his race, the New Hampshire Supreme Court opinion makes clear that Fernandez presented a federal constitutional argument to that court in support of the claim.  However, while the other claims were presented to the state appellate court for consideration, the court's opinion does not reference a federal claim or decide any federal issue with regard to any of those claims.  Thus, I cannot now find that the petition demonstrates that the federal constitutional claims raised here, numbered 2-6 above, have been exhausted in the state courts.  Accordingly, I find that the proper course of action is to stay this petition pending the exhaustion of all of the claims and compliance with

this Order. See Rhines v. Weber, 125 S.Ct. 1528, 1535 (2005) (a district court should stay a mixed petition containing both exhausted and unexhausted claims if the petitioner "had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.").

It should be noted that Fernandez has the option of foregoing his unexhausted claims and requesting that the Court proceed promptly with consideration of his sole exhausted claim. Fernandez should be advised that if he does, however, he will likely waive ever having his other issues considered by this Court due to the prohibition against second or successive federal habeas petitions. See 28 U.S.C. § 2244; Pratt v. United States, 129 F.3d 54, 56-58 (1st Cir. 1997), cert. denied, 523 U.S. 1123 (1998).

## Conclusion

Fernandez is ordered to amend his petition within thirty days of the date of this Order to notify this Court as to whether (1) he has already exhausted all of his claims and to demonstrate exhaustion here, or (2) he intends to return to the state court

6

to complete exhaustion prior to amending his petition to demonstrate exhaustion here, or (3) that he chooses to forego his unexhausted claims and proceed only on his exhausted claim.  If Fernandez chooses to exhaust his unexhausted claims prior to filing his amended petition, he must commence state court action to exhaust all of the unexhausted federal claims within thirty days of the date of this Order.

    If Fernandez notifies the Court that he intends to commence a state court action to complete exhaustion of his claims, the petition will be stayed pending exhaustion of Fernandez's unexhausted claims.  Once the petition is stayed to allow Fernandez to exhaust his claims, Fernandez is ordered to contact this Court every 90 days while seeking exhaustion of his claims, beginning 90 days from the date of the Order staying his petition, to notify the Court that the matter is still pending in the state courts and has not been decided, or to report any change in the status of the state court proceedings.  When the New Hampshire Supreme Court has ruled on his federal constitutional claims, and the claims are thus exhausted, Fernandez must, within 30 days of being notified of the Supreme Court's final ruling, notify this Court of that ruling, submit to

this Court the New Hampshire Supreme Court's ruling, as well as all briefs or other pleadings filed in that court, and file a request that this Court further consider his petition.[1]  Failure to amend his petition to notify the Court of his intentions as to how he wishes to proceed with his unexhausted claims, failure to proceed promptly in the state court if Fernandez chooses to exhaust his unexhausted claims, or failure to comply with the notification requirements of this Order, may result in the dismissal of the petition for failing to demonstrate exhaustion of all of the claims presented.[2]

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date: September 18, 2006

cc:   Paul J. Haley, Esq.

---

[1] Fernandez would be well-advised to submit all of the relevant pleadings, notices of appeal, court decisions and other documents relevant to each of his claims demonstrating that the claims and the federal nature of the claims were in fact presented to the state courts as alleged in his amended petition notifying this Court that exhaustion has been completed.

[2] If this petition were to be dismissed for failing to demonstrate exhaustion, the dismissal would be without prejudice as it would be procedural and not based on the merits of Fernandez's claims.  See Slack v. McDaniel, 529 U.S. 473 (2000).