UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Lucio Eduardo Fernandez

    v.                                   Civil No. 06-cv-281-SM

Bruce W. Cattell, Warden,
New Hampshire State Prison

## O R D E R

Before the Court is Fernandez's latest addendum to his petition for a writ of habeas corpus (document no. 7). Fernandez initially filed his petition (document no. 1) on July 28, 2006. On September 18, 2006, Judge Muirhead issued an Order (document no. 2) directing Fernandez to amend his complaint to demonstrate that the six claims raised in his petition, as identified and enumerated in Judge Muirhead's Order, had been exhausted in the state courts, and to provide the Court with copies of those pleadings and state court orders which would demonstrate exhaustion.

As Fernandez had not yet exhausted the federal constitutional nature of his claims in the state courts, he opted to return to the state courts to properly exhaust his claims (document no. 3). Fernandez's federal petition was stayed pending exhaustion, and counsel was ordered to file a status

report every 120 days.  On February 12, 2007, Fernandez, through counsel, notified the Court that the motion to vacate conviction and sentence, which was filed in the Superior Court, had been denied, and that a notice of appeal had been filed in the New Hampshire Supreme Court (document no. 4).  On March 19, 2007, Fernandez filed another status report, indicating that his federal claims had been exhausted in the state courts because the New Hampshire Supreme Court declined Fernandez's notice of appeal (document no. 5).  Counsel did not, at that time, file any of the pleadings or court notices demonstrating that each of the federal constitutional claims in the petition had been presented to the state courts.

On July 12, 2007, this Court again directed counsel for Fernandez to provide to this Court all of the state court filings, orders, notices of appeals, briefs, and other pleadings and documents demonstrating exhaustion of the federal constitutional claims raised in his petition (document no. 6).  Counsel has now filed that documentation.  It appears that the first claim raised in Fernandez's federal habeas petition, regarding voir dire questions concerning racial and geographic bias, was properly exhausted in Fernandez's direct appeal.  The

documentation submitted further demonstrates that the remaining five federal constitutional claims were presented to the New Hampshire Supreme Court for consideration after Fernandez's motion to vacate conviction and sentence was denied in the Superior Court.  The Supreme Court has now declined that appeal and exhaustion is, therefore, complete.  <u>See</u> Rule 4 of the Rules Governing § 2254 Proceedings ("§ 2254 Rule") (requiring initial review to determine whether the petition is facially valid and may be served); 28 U.S.C. § 2254(a) & (b) (providing that the writ "shall not be granted" unless petitioner is in state custody and has exhausted all available or effective state remedies).

   Accordingly, the petition shall be served upon Respondent, which shall file an answer or other pleading in response to the allegations made therein.  <u>See</u> § 2254 Rule 4 (requiring reviewing judge to order a response to the petition).  The Clerk's office is directed to serve the New Hampshire Office of the Attorney General, as provided in the Agreement On Acceptance Of Service, copies of this Order, my previous Orders issued in this case (document nos. 2 & 6), and the habeas petition and addenda thereto, which shall be considered for all purposes, in the aggregate, to comprise the habeas petition in this matter

(document nos. 1, 3-5 & 7).  Respondent shall answer or otherwise plead within thirty (30) days of the date of this Order.  The answer shall comply with the requirements of § 2254 Rule 5 (setting forth contents of the answer).

Upon receipt of the response, the Court will determine whether a hearing is warranted.  See § 2254 Rule 8 (providing circumstances under which a hearing is appropriate).

Petitioner is referred to Fed. R. Civ. P. 5, which requires that every pleading, written motion, notice, and similar paper, after the petition, shall be served on all parties.  Such service is to be made by mailing the material to the parties' attorneys.

**SO ORDERED.**

/s/  Justo Arenas
_____
Justo Arenas
United States Magistrate Judge

Date:     August 13, 2007

cc:       Paul Haley, Esq.
          New Hampshire Attorney General
          New Hampshire Department of Corrections